Graham, Judge,
delivered the opinion of the court:
This case grows out of a contract of employment by the defendant of the plaintiff, a wrecking company, to float and tow to safety a wrecked and sunken dredge. The facts as they appear in the findings are sufficiently full no't to require a general discussion of them.
The contract was made by telegraph and telephone. The dredge had sunk on the rocks on the edge of a breakwater. This breakwater was an extended pile of loose rocks. The weather was threatening and there was danger of the boat pounding to pieces on the rocks of the breakwater and those o:\ which it rested. No fixed sum or rate of compensation was named. It was a contract of service for compensation on a quantum meruit basis. There is no question here as to *458 the suitableness, adequacy, and condition of repair of the machinery supplied, or the sufficiency in number or the fitness and experience of the plaintiff’s employees, or of an injury to the property by reason of careless and inefficient handling either in method or detail.
The weather was threatening from the commencement of the work and continued with rough water up to the day that the wreck was floated. The wreck was successfully floated, and it sank again after having been towed out of the place of danger, where it had rested, to a safe location within the breakwater. It had to be floated again, which was done with due expedition, and it was then promptly towed without event to the defendant’s dry dock. The defendant refused to pay the plaintiff the cost involved in floating it a second time after it had sunk, upon the ground that the second sinking was due to the failure of the plaintiff to exercise proper care and caution, and it is to recover this sum that this suit is brought.
The plaintiff completed the ultimate purpose of its employment in floating and moving the vessel to a place of safety where it passed into the control and possession of the defendant. The representative of the defendant accepted it and expressed satisfaction and complimented the plaintiff’s representative upon the result of the undertaking. At that time no question was raised as to the plaintiff’s right to full compensation. The claim by the defendant that the plaintiff was not entitled to the cost of floating the dredge the second time after it sank came later. The court finds that there is no direct evidence or satisfactory proof of what caused the dredge to sink a second time, nor is there satisfactory proof of negligence or lack of care and caution ^n the part of the plaintiff which caused or permitted the dredge to sink.
In the light of this finding the plaintiff is entitled to recover. Judgment should be entered for the amount claimed by the plaintiff in its petition — $6,528.40—and it is so ordered.
Hat, Judge; DowNet, Judge; Booth, Judge, and Campbell, Chief Justice, concur.